## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
ESTHER FERNANDEZ                          )
                                          )
                Plaintiff,                )
                                          )        Civil Action No.  04-0809 (RBW)
        v.                                )
                                          )
CENTERPLATE/NBSE, Inc.                    )
                                          )
                Defendant                 )
_____)

## MEMORANDUM OPINION

Currently before the Court is Defendant Centerplate/NBSE's Motion for a Protective

Order to Stay Discovery ("Def.'s Mot.") [D.E. #8], the plaintiff's opposition thereto and

Centerplate/NBSE's Opposition to Plaintiff's Report Pursuant to LCvR 16.3 and Motion to

Strike ("Def.'s Opp'n") [D.E. #12].   For the following reasons, this Court grants the motion for a

protective order to stay discovery and the motion to strike the meet and confer statement.[1]

### I. Background

The plaintiff, a resident of Virginia, has brought suit against her employer,

Centerplate/NBSE ("Centerplate"), seeking damages stemming from Centerplate's alleged

failure to pay the plaintiff overtime compensation in violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 207, 216(b) (2000).  Complaint ("Compl.") ¶¶ 1, 4.  Centerplate is a

contractor for and agent of the Washington Convention Authority in Washington, D.C.  Compl. ¶

2.  From 1983 until December 2002, the plaintiff held the positions of waiter and "banquet

captain," which were covered by a collective bargaining agreement.  Compl. ¶ 5.  The plaintiff

_____
[1]The Court is cognizant of the filing of defendant's Motion to Dismiss Complaint or Alternatively for
Summary Judgment [D.E. #6] and will resolve that motion in a separate opinion.

alleges that from March 1, 2002 through December 31, 2002, she was scheduled to work in excess of eight hours per day and forty hours per week, and that she did not receive overtime payment for the excess hours she worked. Compl. ¶ 7. On February 27, 2004, the plaintiff contacted the defendant and requested that she receive the overtime payments to which she believed she was entitled. Compl. ¶ 8. The defendant rejected the plaintiff's request for the payments. Id.

The defendant has moved to dismiss this case for failure of the plaintiff to state a claim upon which relief can be granted or alternatively for summary judgment. Centerplate/NBSE, Inc.'s Motion to Dismiss Complaint or Alternatively for Summary Judgment (Def.'s Mot. to Dismiss) at 1. The defendant has also filed a motion to stay discovery pending the Court's ruling on the aforementioned dispositive motion. Def.'s Mot. at 1. After a telephone conversation between counsel for the parties on October 13, 2004, the plaintiff's counsel drafted a Meet and Confer Statement, which is titled "Plaintiff's Report Pursuant to LCvR 16.3" ("Pl.'s Report"). The defendant has filed an opposition to this report, and moves to strike the statement for not being in compliance with the Court's rules. Def.'s Opp'n at 1. Thus, the issues presented to the Court that will be the subject of this opinion are whether a protective order to stay discovery should be issued and whether the meet and confer statement should be stricken.

## II.  Analysis

### A.  The Defendant's Motion for a Protective Order to Stay Discovery Pending the Resolution of Dispositive Motion

Pursuant to Federal Rule of Civil Procedure 26(c), the court in which an action is pending may enter a protective order if "justice [so] requires to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).  Courts

often grant protective orders to stay discovery pending the resolution of dispositive motions. <u>See</u>,

<u>e.g.</u>, <u>White v. Fraternal Order of Police</u>, 909 F.2d 512, 517 (D.C. Cir. 1990) (finding that the trial

court did not commit error by staying discovery pending a ruling on summary judgment motion);

<u>Marra v. Papandreou</u>, 59 F. Supp. 2d 65, 69 (D.D.C. 1999); <u>Anderson v. U.S. Attorneys Office</u>,

No. CIV.A.91-2262-LFO, 1992 WL 159186, at *1 (D.D.C. June 19, 1992).  Just as with all

discovery decisions, "the decision whether to stay discovery is committed to the sound discretion

of the district court judge." <u>White</u>, 909 F.2d at 517; <u>see also</u> <u>Brennan v. Local Union No. 639</u>,

<u>Internation-Al Bhd. of Teamsters</u>, 494 F.2d 1092, 1100 (D.C. Cir. 1974) (affirming issuance of

protective order based on the trial court's broad powers to regulate discovery).  Thus, in <u>Chavous</u>

<u>v. District of Columbia Financial Responsibility and Management Assistance Authority</u>, 201

F.R.D. 1, 5 (D.D.C. 2001), the court stayed discovery pending decisions on dismissal and

summary judgment motions.  The <u>Chavous</u> Court reached this decision because the pending

motions would be dispositive of  "the entire case." <u>Id.</u> at 3 (citing <u>Keystone Coke Co. v.</u>

<u>Pasquale</u>, No. CIV.A 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999)).

   A primary reason courts grant protective orders to stay discovery pending the resolution

of dispositive motions is because there is the potential that the discovery will be wasteful and

inefficient if the case is dismissed or if summary judgment is granted.  <u>See</u> <u>Chavous</u>, 201 F.R.D.

at 3 n.4 (citing <u>Coastal States Gas Corp. v. Dep't of Energy</u>, 84 F.R.D. 278, 282 (D. Del. 1979).

Another reason for staying discovery when a dispositive motion has been filed is when the

discovery requested is not "relevant" to the legal questions before the court.  <u>See</u> <u>Chagnon v.</u>

<u>Bell</u>, 642 F.2d 1248, 1266 (D.C. Cir. 1980).

However, a stay of discovery is not warranted if the non-moving party will be prejudiced by the protective order.  See e.g., Brennan, 494 F.2d at 1100 (holding that issuing a protective order was not an abuse of discretion because there was no prejudice to the party against whom the order was entered); Chavous, 201 F.R.D. at 4 (explaining that a stay of discovery can be granted when the non-moving parties did not show how they would be harmed if discovery was stayed).  Additionally, it is only appropriate to stay discovery prior to ruling on a dispositive motion when "the record is adequate [for the court] to determine whether the standards for the grant of [a dispositive motion] are met . . . ."  White, 909 F.2d at 517; see also Moore v. United States, 213 F.3d 705, 710 (D.C. Cir. 2000) (affirming district court's grant of protective order denying discovery when the additional information being sought was not needed to resolve summary judgment motion).

Here, the defendant asserts that a protective order should be issued pending the resolution of its motion to dismiss or in the alternative for summary judgment because there will be no need for discovery if the motion is granted.[2]  Memorandum of Points and Authorities in Support of Motion for a Protective Order to Stay Discovery at 3 ("Def.'s Mem.").  The defendant is correct, as the pending motion, if granted, would be "thoroughly dispositive."  See Chavous, 201 F.R.D. at 3 (citing Anderson, 1992 WL 159186 at *1).  Thus, if the motion is granted, any discovery conducted prior to the decision on the motions would have been a complete waste of time and

---

[2] Although the Court is considering the defendant's motion for a protective order to stay discovery, it could be denied as premature.  Pursuant to Federal Rule of Civil Procedure Rule 26(d), discovery is not conducted until after the parties have conferred as required by Federal Rule 26(f).  Since the parties have not yet had a scheduling conference, discovery would not be appropriate at this early date with or without a protective order.  Furthermore, the plaintiff has not submitted discovery requests to the defendant, which also supports the conclusion that the motion is premature.  Nonetheless, the Court has chosen to decide the motion to ensure that attempts to conduct discovery are not made before it is appropriate to do so.

money.  See id. ("permitting discovery before the need for such discovery is determined would

be wasteful and inefficient.") (citations omitted).  Accordingly, the defendant urges the Court to

grant a protective order staying discovery pending the resolution of the dispositive motions

because discovery would be both "unnecessary and inappropriate at this time."  Def.'s Mem. at 4.

       In response to the defendant's motion, the plaintiff argues that "Centerplate's motion is

premature."  Plaintiff's Opposition to Defendant Centerplate/NBSE's Motion for a Protective

Order to Stay Discovery ("Pl.'s Opp'n") at 1.  The plaintiff also argues that "a stay of discovery

in this action is not warranted," and that "courts have a duty to ensure that parties are given a

reasonable opportunity to develop a complete record before ruling on a motion for summary

judgment."  Id. at 2 (citations omitted).  The plaintiff further states that because the

"[d]efendant's Motion to Dismiss relied on matters outside the pleadings [it] must be construed

as a motion for summary judgment."  Id. at 2 n.1.

       The Court agrees with the defendant's position, supported by well-settled precedent,

which holds that staying discovery pending the resolution of dispositive motions is "an eminently

logical means to prevent wasting the time and effort of all concerned, and to make the most

efficient use of judicial resources."  Chavous, 201 F.R.D. at 2 (quoting Coastal States Gas Corp.,

84 F.R.D. at 282); see also Brennan, 494 F.2d at 1100; White, 909 F.2d at 517.  However, while

discovery would be wasteful if the Court dismisses the case or grants the motion for summary

judgment, it is still necessary for the Court to consider whether the plaintiff will be prejudiced by

staying discovery.  See Brennan, 494 F.2d at 1100; see also Chavous, 201 F.R.D. at 5.  But the

plaintiff has not identified any specific discovery that she must conduct before the dispositive

motions can be properly resolved.[3]  Rather, the plaintiff contends that because from her

perspective there are material issues of fact in dispute and the defendant is not entitled to

judgment as a matter of law that discovery cannot be stayed.  Pl.'s Opp'n at 2.  However, this is

not the test for determining whether discovery should be stayed, but rather for determining

whether summary judgment should be granted.  Fed. R. Civ. P. 56(c).  And, the Court finds that

discovery in this case is unnecessary to address the dispositive motion that has been filed by the

defendant.

      As noted already, one of the theories advanced by the defendants is that it is entitled to

dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  When deciding on a 12(b)(6)

motion, a court only considers the allegations made in the pleadings.  Fed. R. Civ. P. 12(b); see

Tao v. Freeh, 27 F.3d 635, 638 n.3 (D.C. Cir. 1994) (stating that when a court considers matters

outside the pleadings, a Rule 12(b)(6) motion must be treated as one for summary judgment

rather than as a motion to dismiss).  Thus, since the Court will not rely on any matters outside the

pleadings in deciding the defendant's motion to dismiss, discovery would not assist the plaintiff

in opposing the motion.[4]  In Maljack Productions, Inc. v. Motion Picture Ass'n of America, No.

CIV.A. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990), the defendant filed a motion to

stay discovery until a decision was made on its motion to dismiss.  The Maljack Court granted

the protective order to stay discovery pending the resolution of the dismissal motion, finding that

---

[3]The plaintiff indicates that her discovery would consist of interrogatories and depositions "relating to Ms. Fernandez," but she does not state why this discovery would be necessary for the Court's resolution of the dispositive motion.  Pl.'s Opp'n at 3.

[4]If the Court ultimately decides to address this motion as one for summary judgment rather than as a Fed. R. Civ. P. 12(b)(6) motion to dismiss and finds that discovery is needed to resolve the motion, then discovery will be permitted at that time.

"at this early stage of the proceedings, it is unlikely that a stay of discovery will harm either of the parties."  Id.  The Court reached this conclusion because a discovery deadline had not been set and the defendant had not alleged that it would be prejudiced by deferring discovery until a ruling was rendered on the pending motion to dismiss.  Id.  Here, like the situation in Maljack, there has been no schedule for discovery or a discovery deadline entered by the Court. Additionally, the plaintiff has not alleged that she will be prejudiced by deferring discovery until the Court rules on the motion to dismiss.  Accordingly, this Court will stay discovery until the Court rules on the pending motion to dismiss.

**B.  The Meet and Confer Statement**

This Court's General Order and Guidelines for Civil Cases explains that "the court will issue an 'Initial Scheduling and Procedure Order' immediately after the case is at issue."  General Order ¶ 12.  This order is issued to establish the date of the initial scheduling conference, which is usually scheduled within five to six weeks after the case is at issue.  Id.  Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.3(a), attorneys are required to confer with each other to assess the nature and basis of their claims and defenses, the possibility of a prompt settlement of the case, make or arrange for disclosures required by Federal Rule of Civil Procedure 26(a), and develop a discovery plan.  The Federal and Local Rules also mandate that the parties must hold their conference within twenty-one days before a scheduling conference is held or a scheduling order is due under Federal Rule of Civil Procedure 16(b).  Fed. R. Civ. P. 26(f); LCvR 16.3(a).  After this conference is conducted, counsel must submit a written report to the court describing all matters on which they have reached agreements.  Fed. R. Civ. P. 26(f); LCvR 16.3(d).  The parties are jointly responsible for submitting the conference report to the

court.  Id.  And under the Local Rules, the plaintiff has the duty to ensure that this report is timely

filed.  LCvR 16.3(d).  Usually, the report must be submitted to the court within fourteen days of

the parties' conference.  Fed. R. Civ. P. 26(f); LCvR 16.3(d).  However, this Court requires that

the report be submitted within ten days of the meeting.  General Order and Guidelines for Civil

Cases ¶ 6.  ("General Order").  This Court also emphasizes that strict compliance with Federal

Rules of Civil Procedure 16 and 26 is required.  General Order ¶ 12.

In a situation where the defendant declines to participate in the preparation of the report,

the plaintiff can independently submit a report and certify that efforts were made to secure the

defendant's participation.  LCvR 16.3(d).  The report in this case was submitted and prepared

solely by the plaintiff.  Pl.'s Report.  The defendant contends that the parties did not

substantively discuss the matters as required in the Local Rules prior to the plaintiff's submission

of the report.  Def.'s Opp'n at 1.  Additionally, the defendant asserts that it had no input in the

"Proposed Scheduling Order," which was included with the plaintiff's report.  Id. at 2.  And the

plaintiff acknowledges in her report that the defendant did not join in the submission of the

report.  Pl.'s Report at 1.  The report is therefore not in compliance with Federal Rule of Civil

Procedure 26(f) and Local Rule 16.3(d).

As the plaintiff points out herself, it is a plaintiff's responsibility to ensure that the report

is timely filed pursuant to LCvR 16.3(d), Plaintiff's Response in Opposition to

Centerplate/NBSE's Opposition to Plaintiff's Report Pursuant to LCvR 16.3 and Motion to

Strike at 1.  ("Pl.'s Response"), and the plaintiff can submit the report alone only if she certifies

that efforts were made to secure the defendant's participation.  LCvR 16.3(d).  Here, the report is

not yet even due and therefore could not be submitted by only one party.  As this Court's General

Order and Guidelines instruct, the Joint Meet and Confer Statement is to be submitted to the Court within ten days of the parties' meeting.  General Order ¶ 6.  Because the parties have not yet had such a meeting, the statement based on such a meeting cannot be submitted to the Court at this time.  Although the parties had a telephone conversation before the statement was submitted, Pl.'s Report at 1, this conversation cannot be considered as the required conference because the subject matters delineated in Local Rule 16.3 were not substantively discussed. LCvR 16.3; Def.'s Opp'n at 2.

Furthermore, the Federal Rules of Civil Procedure require the parties to confer within twenty-one days before a scheduling conference is held or a scheduling order is due under Fed. R. Civ. P. 16(b).  Generally, this Court will schedule the initial scheduling conference immediately after a case is at issue.  General Order ¶ 12.  Here, the Court has not yet issued a scheduling and procedure order due to the defendant's pending motion to dismiss or in the alternative for summary judgment.  Because the Court has not scheduled the initial scheduling conference, the defendant correctly argues that it was not necessary for the parties to hold their meet and confer conference.  And because the Joint Meet and Confer Statement is only required after the parties have participated in this conference, the plaintiff's report shall be stricken.

## IV.  Conclusion

Based on the foregoing analysis, this Court finds that conducting discovery while the defendant's motion to dismiss is pending is unnecessary and would potentially waste time and money.  The Court also finds that the report submitted by the plaintiff is not in compliance with the Court's rules and personal guidelines and it will therefore be stricken.  Accordingly, it is hereby

9

**ORDERED** that the Defendant's Motion for a Protective Order to Stay Discovery and Motion to Strike "Plaintiff's Report Pursuant to LCvR 16.3" is granted.

**SO ORDERED** this 20th day of July, 2005.

REGGIE B. WALTON
United States District Judge