# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ESTHER FERNANDEZ ) 
 )
      Plaintiff, )
 )    Civil Action No.  04-0809 (RBW)
      v. )
 )
CENTERPLATE/NBSE, Inc. )
 )
      Defendant. )
_____)

## MEMORANDUM OPINION

Currently before the Court is Defendant Centerplate/NBSE, Inc.'s Motion to Dismiss Complaint or Alternatively for Summary Judgment ("Def.'s Mot.") [D.E. #6].   For the following reasons, the Court grants the defendant's motion to dismiss the complaint.

## I.  Background

The plaintiff, a resident of Virginia, has brought suit against her employer, Centerplate/ NBSE ("Centerplate"), seeking damages stemming from Centerplate's alleged failure to pay the plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 216(b) (2000).  Complaint ("Compl.") ¶¶ 1, 4.[1]  At all times relevant to this matter, Centerplate was the plaintiff's employer within the meaning of the FLSA.  29 U.S.C. § 203(d) (2000); Compl. ¶ 2.  Centerplate is a contractor for and agent of the Washington Convention Authority in Washington, D.C.  Compl. ¶ 2.  The plaintiff purports that the Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (2000).  Id. ¶ 4.

From 1983 until December 2002, the plaintiff was employed by the defendant as a waiter

---

[1]The plaintiff originally filed suit against Centerplate/NBSE, Inc. and the Washington Convention Center Authority.  Compl. ¶ 3.  However, the Washington Convention Center Authority was voluntarily dismissed by the plaintiff as a defendant on August 4, 2004. [D.E. # 4].

and banquet captain, subject to a collective bargaining agreement.  Id. ¶ 5; Statement of Material

Facts Not in Dispute ¶ 3.  The Hotel and Restaurant Employees Local 25 Union, to which the

plaintiff claims she was a member, reached a settlement agreement with Centerplate regarding

overtime hours worked by Centerplates' employees.  Plaintiff's Memorandum in Support of

Plaintiff's Statement of Genuine Issues and Opposition to Centerplate/NBSE, Inc.'s Motion to

Dismiss the Complaint or Alternatively for Summary Judgment ("Pl.'s Mem.") at 4; see Pl.'s

Mem., Exhibit ("Ex.") 1B (Letter from Laura Brown to Current or Former Banquet Employees of

Centerplate dated December 11, 2003) at 1.  The employees' claims in the union dispute were

based on Centerplate's alleged failure to compensate them for hours worked in excess of eight

hours per day.  Def.'s Mot.; Ex. 1 (Affidavit of Jeff Witt dated September 17, 2004) at 1.  The

plaintiff allegedly attempted to file a claim based on the Union's settlement agreement, but was

denied the right to make such a claim by a Union representative.  Pl.'s Mem. at 2.  The plaintiff's

claim was based on her position that from March 1, 2000 through December 31, 2002, she was

scheduled to work in excess of eight hours per day and forty hours per week, and that she did not

receive overtime payment for the "excess hours worked."  Compl. ¶ 7.  On February 27, 2004,

plaintiff's counsel sent a letter to the defendant in attempt to obtain the overtime payments to

which the plaintiff believed she was entitled.  Compl. ¶ 8; Pl.'s Mem. at 2; Ex. 1C (Letter from

Barbara Hutchinson to George McDonald dated February 27, 2004).  The plaintiff alleges that

the defendant refused to acquiesce to her requests for overtime pay.  Compl. ¶ 8.

    The plaintiff does not allege that she was not compensated at the rate of time and one-half

for the hours she worked in excess of forty per week as required by the FLSA.  Plaintiff's

Statement of Genuine Issues in Support of and in Opposition to Centerplate/NBSE, Inc.'s Motion

to Dismiss the Complaint or Alternatively for Summary Judgment ("Pl.'s Statement") ¶ 7.  She

does, however, claim that she is entitled to compensation for hours worked in excess of eight

hours per day.  Id. ¶¶ 6, 8.  Hence, the issue for this Court to resolve is whether the defendant

owes the plaintiff compensation for hours she worked in excess of eight hours per day under the

terms of the collective bargaining agreement, and if so, whether failure to make the payments

constitutes a violation of the FLSA.  Id. ¶¶ 6-7.  The plaintiff is seeking an award of wages for

overtime compensation, plus interest, for the overtime hours allegedly worked between March 1,

2000 and December 31, 2002.  Compl. ¶ 10.  She is also seeking liquidated damages, attorney's

fees and costs for the expenses incurred prosecuting this action.  Id.

The defendant, on the other hand, has filed a motion to dismiss, or alternatively a motion

for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 56,

asserting that the complaint fails to state a claim under the FLSA.[2]  Memorandum of Points and

Authorities in Support of Defendant Centerplate/NBSE, Inc.'s Motion to Dismiss Complaint or

Alternatively for Summary Judgment at 1 ("Def.'s Mem.") [D.E. #6].  The Court will resolve

this motion pursuant to Fed. R. Civ. P. 12(b)(1), based on the plaintiff's failure to demonstrate

that this Court has subject matter jurisdiction in this case.

---

[2]In Centerplate/NBSE's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Complaint or Alternatively for Summary Judgment ("Def.'s Reply"), the defendant asserts that because the plaintiff's opposition was not filed within eleven days after she was served with Centerplate's motion, the Court should treat the motion as conceded pursuant to Local Rule 7(b).  The Local Rule states that if an opposition memorandum is not filed within eleven days after it was served, "the Court may treat the motion as conceded."  LCvR 7(b) (emphasis added).  The plaintiff's opposition was filed only three days after the eleven day period expired, and because it is not apparent how the defendant has been prejudiced by this untimely filing, the Court will not treat the motion as conceded.  See Twelve John Does v. District of Columbia, 117 F.3d 571, 577 (D.C. Cir. 1997) (acknowledging district court's authority not to exercise its discretion to treat motion as conceded, but rather to address motion on the merits); see also Sabbagh v. United Arab Emirates, No. 03-7027, 2004 WL 288605, at *1 (D.C. Cir. Feb. 4, 2004) (affirming district court's decision to treat a motion as conceded after party failed to file any response to motion to dismiss).

## II.  Standard of Review

When considering whether a court has subject matter jurisdiction, Federal Rule of Civil Procedure 12(b)(1) "imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Fowler v. District of Columbia, 122 F. Supp. 2d 37, 40 (D.D.C. 2000) (citation omitted).  Whether a court has jurisdiction is a threshold issue that must be decided before the court can consider merit-based issues.  See Artis v. Greenspan, 223 F. Supp. 2d 149, 155 (D.D.C. 2002).  It is the plaintiff who bears the burden of demonstrating that the court has jurisdiction.  Fowler, 122 F. Supp. 2d at 39-40 (citing D.C. Ret. Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987)).  Moreover, in considering a motion to dismiss for lack of subject matter jurisdiction, "[t]he nonmoving party is entitled to all reasonable inferences that can be drawn in her favor." Artis v. Greenspan, 158 F.3d 1301, 1306 (D.C. Cir. 1998) (citation omitted); see also Rosell v. Wood, No. CIV.A.01-1355 RCL, 2002 WL 32396260, *1 (D.D.C. Mar. 27, 2002).  Additionally, in resolving a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court can consider matters outside of the pleadings to assure itself that it has jurisdiction over the case.  Fowler, 122 F. Supp. 2d at 40; Artis, 223 F. Supp. 2d at 152.

## III.  Legal Analysis

The plaintiff contends that the court has jurisdiction in this case pursuant to 28 U.S.C. § 1331, Compl. ¶ 4, which confers jurisdiction to federal courts in cases involving a federal question.  As already indicated, the plaintiff claims that the defendant violated the FLSA by failing to pay her overtime compensation.  Compl. ¶ 4.  Section 216(b) of the FLSA confers jurisdiction upon the federal courts to hear cases brought under section 207 of the Act.  28 U.S.C. § 216(b).  The defendant asserts that the plaintiff has failed to state a claim under the FLSA

because she is seeking only to recover overtime compensation for time worked in excess of eight

hours per day.  Def.'s Mem. at 1.  Thus, as the FLSA only requires employers to pay employees

overtime pay for work performed in excess of forty hours per week, 28 U.S.C. § 207(a)(1)

(2000), and has no increased payment requirement for hours worked in excess of eight per day,

the defendant argues that this Court does not have jurisdiction in this matter.  Def.'s Mem. at 1.

   As noted, the plaintiff concedes that the defendant paid her time and one-half her normal

hourly wages for all hours worked above forty per week.  Pl.'s Statement ¶ 7.  The defendant

argues that because the plaintiff received the overtime compensation required by the FLSA, and

is only seeking damages for compensation she may be entitled to receive under a contract, she

does not have a claim under the Act.  See Centerplate/NBSE's Reply to Plaintiff's Opposition to

Defendant's Motion to Dismiss Complaint or Alternatively for Summary Judgment at 2 ("Def.'s

Reply").  Therefore, the defendant concludes that the complaint must be dismissed for lack of

subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Def.'s Mem. at 1.

   In her opposition to the defendant's motion to dismiss, the plaintiff contends that she

sometimes worked twelve and fourteen hour days, and is entitled to overtime compensation for

the hours she worked in excess of eight hours per day pursuant to the FLSA.  Pl.'s Mem. at 1-2.

While the plaintiff acknowledges that the FLSA requires an employer to pay an employee

overtime compensation for any hours worked in excess of forty per week, she also notes that the

Act "do[es] not relieve an employer of any obligation the employer assumes due to a contract or

any other obligation imposed by law to pay premium rates for work in excess of a daily

standard." Id. at 3 (citing 29 C.F.R. § 788.102 (2005)).[3]  The plaintiff construes this provision to

mean that she has a cause of action to enforce her collective bargaining agreement pursuant to the

FLSA because the Act does not relieve an employer of its contractual duties.  Id. at 3, 7.

Guidance for determining whether this Court has jurisdiction in this is case is found in

Sheppard v. Cornelius, 302 F.2d 89 (4th Cir. 1962).  In Sheppard, the plaintiffs sought payment

for overtime compensation to which they believed they were entitled pursuant to a contract with

their employer that was governed by the National Bituminous Coal Agreement of 1950.  Id. at

90.  The plaintiffs brought the action under the FLSA even though they had not worked more

than forty hours per week.  Id.  The district court granted summary judgment for the employer,

finding that the plaintiff did not have a claim under the FLSA, and consequently, there was no

federal jurisdiction.  Id.  In affirming the district court, the Fourth Circuit held that the FLSA

"confer[ed] no jurisdiction upon th[e c]ourt to adjudicate contractual claims for wages unless

such adjudication [was] necessary to enforce[] . . . the Act."  Id.  The court reasoned that "[i]f . . .

the plaintiffs' employment was governed by the National Bituminous Coal Agreement of 1950,

they may have an action founded upon the contract for unpaid wages, but they have not shown a

violation of the Fair Labor Standards Act."  Id.  The Sheppard court further clarified that

although the plaintiffs may have had a valid claim against their employer, the action had to be

pursued in state court rather than in federal court.  Id. at 91.

The decision by another member of this Court in Marsans v. Communications Workers of

_____

[3]This regulation provides that while the FLSA does not require employers to pay employees overtime compensation for hours worked in excess of eight per day or for work on weekends or holidays, the Act does not relieve an employer of an obligation imposed by a contract or federal or state law that obligates an employer to pay a certain premium rate for work in excess of a daily standard or for work on weekends or holidays.  29 C.F.R. § 778.101.

America, No. CIV.A.87-0782(RCL), 1989 WL 43831, at *9 (D.D.C. Apr. 19, 1989) is also

instructive.  In Marsans, the plaintiffs initially sought overtime payment from their employer,

claiming a breach of their collective bargaining agreement and a violation of the FLSA.  Id. at *1.

The collective bargaining agreement specified that the employees would be compensated at the

rate of time and one-half for all hours worked after their "regular tour of duty."  Id.  The

agreement further indicated that the work week would consist of five six and one-half hour days.

Id.  Based on these provisions, the employees believed they were entitled to overtime

compensation for all hours worked in excess of thirty-two and one-half per week pursuant to both

their collective bargaining agreement and the FLSA.  Id.  The Marsans Court separately

examined the collective bargaining agreement breach claims and the FLSA claims, and applied

entirely different standards to each set of claims.  Id. at *6, 9.  Thus, whether there was a

violation of the collective bargaining agreement had no impact on the Court's assessment of the

FLSA claims.  Id. at *9.  Moreover, the provisions of the collective bargaining agreement relating

to overtime compensation were deemed irrelevant to the Court's analysis of the FLSA claims.

Id.  Ultimately, the defendant conceded "[w]holly apart from the collective bargaining

agreement," that it may have been required to pay the employees for hours worked in excess of

forty per week under section 207 of the FLSA.  Id.  The plaintiffs accepted the defendant's

apparent interpretation of the FLSA, and therefore excluded their claims for hours worked in

excess of thirty-two and one-half but less than forty per week from their complaint, "thereby

limiting the claim to hours worked in excess of forty per week."  Id.  Accordingly, on grounds

independent from whether the plaintiff could recover on their breach of the collective bargaining

agreement claim, the Court in Marsans granted partial summary judgment in favor of the

defendant on the plaintiffs' FLSA "claim [for] compensation due for overtime hours . . . [as to any weeks when the plaintiffs worked] less than forty hours per week [.]" Id. at *11.

Similarly, the court in Dufrene v. Browning-Ferris, Inc., 207 F.3d 264, 269 (5th Cir. 2000) distinguished employees' claims under a collective bargaining agreement from a claim under the FLSA. The employees' claim brought pursuant to the FLSA asserted that their employer's method of calculating overtime violated the FLSA. Id. at 266. They additionally argued that their collective bargaining agreement entitled them to "an independent right to overtime pay after an eight-hour day . . . ." Id. at 269. The district court granted summary judgment in favor of the defendant, holding that the employer's overtime calculation method did not violate the FLSA. Id. at 266. The Dufrene court affirmed the district court, concluding that the employees' claim that their collective bargaining agreement gave them a separate right to overtime compensation "concern[ed], at best, a violation of the [collective bargaining agreement], not the FLSA." Id. The Court emphasized that the action before the district court was "not to enforce the [collective bargaining agreement]." Id.

Likewise, in a decision affirmed by the Second Circuit, Timony v. Todd Shipyards Corp., 59 F. Supp. 779, 779-80 (S.D.N.Y. 1945), aff'd, 151 F.2d 336 (2d Cir. 1945), the plaintiff brought an action against his employer in federal court under both his labor agreement and the FLSA, claiming that a provision of his labor agreement had been breached. The provision provided that "[i]f an employee . . . is required to work continuously [for] more than five hours without [a break for a meal], . . . he shall be entitled to receive a premium for all time worked beyond such five hours [at an increased] rate of pay. . . ." Id. at 780. The plaintiff alleged that the provisions of the FLSA were incorporated into his labor agreement because the purpose of

the FLSA is to "eliminate labor conditions detrimental to the general welfare of workers," and a

requirement that employees work for more than five hours without a break for a meal would be

dangerous to the employees, and thus contrary to the purposes underlying the FLSA.  <u>Id.</u>  The

plaintiff argued that he was entitled to the increased pay called for in his labor agreement as well

as damages under the FLSA.  <u>Id.</u> at 781.  The court rejected this argument, finding that the claim

brought under the FLSA did not "'really and substantially involve a controversy' under the . . .

Act[,]" but instead advanced only a violation of the plaintiff's labor agreement.  <u>Id.</u> (quoting <u>Fair</u>

<u>v. Kohler Die & Specialty Co.</u>, 228 U.S. 22, 25 (1913)).  The court reasoned that "[s]urely, the[]

allegations [did] not state a claim for unpaid minimum wages or unpaid overtime compensation

under . . . the Fair Labor Standards Act."  <u>Id.</u> at 781.  Consequently, the district court dismissed

the case because it lacked jurisdiction to entertain the matter.  <u>Id.</u> at 782.

          A review of the cases reveals that it is well settled that, for jurisdictional purposes, there

are contractual claims for which an employer may have obligations separate and apart from

claims brought under the FLSA.  <u>See, e.g.</u>, <u>Dufrene</u>, 207 F.3d at 269; <u>Sheppard</u>, 302 F.2d at 90;

<u>Timony</u>, 59 F. Supp. at 779.  As both parties acknowledge, Def.'s Mem. at 3; Pl.'s Mem. at 2,

section 207 of the FLSA mandates that an employer cannot employ an employee for "a

workweek longer than forty hours unless such an employee receives compensation for his

employment . . . at a rate not less than one and one-half times the regular rate at which he is

employed."  29 U.S.C. § 207(a)(1).  As explained in the Code of Federal Regulations, "[t]he Act

does not generally require, however, that an employee be paid overtime compensation for hours

in excess of eight per day."  29 C.F.R. § 778.102.  Here, the plaintiff is only seeking

compensation for hours worked in excess of eight hours per day, compensation not required by

the Act. As the Court in <u>Timony</u> stated, "[s]tripped of unnecessary verbiage, the allegations

amount to nothing more than . . . [the plaintiff's] entitle[ment] . . . to the premium called for by

the labor agreement." <u>Timony</u>, 59 F. Supp. at 781. Thus, the Court finds that although the

plaintiff frames her allegations as a claim under the FLSA, it amounts to nothing more than a

claim under the collective bargaining agreement between the Hotel & Restaurant Employees

Local 25 Union and Centerplate.[4]

The defendant correctly notes that while the FLSA does not relieve an employer of a

contractual obligation it has assumed, the plaintiff nonetheless has "<u>no</u> cause of action under the

FLSA for alleged contractual or other legal violations that do not independently violate the

FLSA. <u>See</u> Def.'s Reply at 2 (citations omitted). By conceding that the defendant has

compensated her for all hours worked in excess of forty per week, Pl.'s Statement at 2, the

plaintiff acknowledged that the defendant has paid her all overtime she is entitled to receive

pursuant to the FLSA. Thus, even when all inferences are weighed in the light most favorable to

the plaintiff, she has no claim under the FLSA because she was compensated for all time worked

in excess of forty hours per week, as required by the FLSA. 29 U.S.C. § 207(a)(1); Def.'s Mem.

at 1-2. And absent a claim under the FLSA, no federal question exists, and thus this Court does

not have subject matter jurisdiction over the dispute in this case.[5]

---

[4]The plaintiff alleges that she attempted to file a claim under the Union settlement agreement with a Union representative, but was denied the right to file a claim because of her current management position. Pl.'s Mem. at 2; Ex. 1C (Letter from Barbara Hutchinson to George McDonald dated February 27, 2004) at 1. Whether this denial was appropriate is not an issue this Court has the authority to resolve in this litigation.

[5]The Court's subject matter jurisdiction must be based on either a federal question pursuant to 28 U.S.C. § 1331 (2000) or diversity of citizenship pursuant to 28 U.S.C. § 1332 (2000). For a court to hear a case based on diversity, the amount in controversy must be at least $75,000. 28 U.S.C. § 1332. The plaintiff in this case has not alleged diversity, nor has she alleged that she is seeking the jurisdictional requisite of $75,000. Without diversity or

(continued...)

## IV.  Conclusion

Based on the foregoing analysis, the Court holds that the plaintiff does not have a cause of action under the Fair Labor Standards Act, and thus the Court does not have subject matter jurisdiction over this case.[6]  Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted.

**SO ORDERED** this 1st day of August 2005.[7]

REGGIE B. WALTON
United States District Judge

---

[5](...continued)
a federal question, there is no basis for this Court exercising jurisdiction.  See Hurt v. Singh, 118 Fed. Appx. 514 (D.C. Cir. 2004) (dismissing case because party did not allege diversity and raised no federal question).

[6]Additionally, in its motion to dismiss, the defendant asserts that even if the plaintiff does have an actionable claim under the FLSA, much of the plaintiff's relief is time-barred by the statute of limitations.  Def.'s Mem. at 4.  However, because the Court has already found that it has no jurisdiction to entertain this case, it need not address the statute of limitations question.

[7]An Order consistent with this opinion is being issued contemporaneously herewith.

-11-